UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

HECTOR FELICIANO,

                          Plaintiff,

          -against-

NEW YORK CITY BOARD OF
ELECTIONS; AMANDA SEPTIMO; AND
JOHN/JANE DOES 1-10,

                          Defendants.

---

26-CV-3486 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action under 42 U.S.C. § 1983, alleging violations of federally protected rights. By order dated April 28, 2026, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. Plaintiff filed this complaint by order to show cause, seeking a temporary restraining order and a preliminary injunction. For the reasons set forth below, the Court denies the motion for emergency injunctive relief, and dismisses the complaint for failure to state a claim on which relief may be granted.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

The named Defendants in this action are the New York City Board of Elections ("BOE"), Amanda Septima, and 10 "John/Jane Does." (ECF 1 at 1.) The following facts are drawn from the complaint. Plaintiff and Defendant Septima are candidates running for the same New York City office. Plaintiff initiated an action in state court, pursuant to New York Election Law § 16-102, seeking "judicial review" of Septima's "designating petition." (*Id.* at 2.) According to Plaintiff, Septima's petition contained "irregularities" such as "multiple signatures that did not

correspond to registered voters, petition sheets that were facially defective, and subscribing witness statements that appeared inconsistent with applicable legal requirements." (*Id.*)

Before the lawsuit was assessed on the merits, the state court dismissed the matter due to "an alleged defect in service." (*Id.* at 3.) Plaintiff asserts that the dismissal of his case left him with "no adequate remedy at law" and that he "faces imminent and irreparable harm." (*Id.* at 3.) Plaintiff asserts that Defendants "had actual notice of the proceeding," and "therefore suffered no prejudice as a result of the method of service"; that the "dismissal of the proceeding on purely procedural grounds operated to prevent any judicial determination of whether the petition was valid or fraudulent"; that "similar election challenges are routinely dismissed or avoided on procedural grounds, thereby preventing courts from conducting meaningful review of defective or fraudulent petitions"; and that this "pattern of dismissals creates a systemic barrier to judicial review, allowing potentially invalid candidates to appear on the ballot without scrutiny." (*Id.*)

Plaintiff alleges that Defendants have violated his right to procedural due process and equal protection. He claims that election laws "must be applied in a consistent and non-arbitrary manner"; that the "application of procedural rules to dismiss [his] claims, while allowing defective petitions to evade review, constitutes unequal treatment" and that he "was treated differently from similarly situated candidates whose claims were adjudicated on the merits." (*Id.* at 4.) He also asserts a municipal liability claim pursuant to *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 692 (1978). Plaintiff seeks declaratory and injunctive relief. (*Id.* at 5.)

## DISCUSSION

### A.    The facts alleged do not state a due process claim

The Due Process Clause protects only "against deprivations without due process of law." *Rivera-Powell v. N.Y.C. Bd. of Elections*, 470 F.3d 458, 464 (2d Cir. 2006) (quoting *Parratt v. Taylor*, 451 U.S. 527, 537 (1981) (internal quotation marks omitted). "The fundamental requisite

3

of due process of law is the opportunity to be heard . . . at a meaningful time and in a meaningful manner." *Goldberg v. Kelly*, 397 U.S. 254, 267 (1970) (citations omitted). Determining whether the process provided is adequate requires a weighing of (1) the private interest affected; (2) the risk of erroneous deprivation and the probable value of further safeguards; and (3) the governmental interest at issue. *See Rivera-Powell*, 470 F.3d at 466 (citing *Mathews v. Eldridge*, 424 U.S. 319, 355 (1976)).

In *Rivera-Powell*, the Second Circuit held that where a state procedure—such as an Article 78 proceeding—is available, a candidate for office did not state a due process claim, as the state procedure provided the candidate with the opportunity to validate his petition and voice his position before the BOE. 470 F.3d at 466–67 (collecting cases). Courts in this District have found that "the statutory provision for an expedited review of [a BOE] determination by the New York Supreme Court provides adequate pre-deprivation review and satisfies due process requirements." *Farquharson v. Lafayette*, No. 19-CV-3446 (NSR), 2020 WL 1699985, at *8 (S.D.N.Y. Apr. 7, 2020); *Murawski v. Pataki*, 514 F. Supp. 2d 577, 586 n.5 (S.D.N.Y. 2007) (noting that N.Y. Election Law § 16–102 affords adequate due process) (citing *Cornett v. Sheldon*, 894 F. Supp. 715, 727 (S.D.N.Y. 1995)); *see also Marchant v. N.Y.C. Bd. of Elections*, No. 13-CV-5493 (KPF), 2013 WL 4407098, at *3 (S.D.N.Y. Aug. 16, 2013) (concluding that whether deprivation was random and unauthorized, or part of an established state procedure, plaintiff was provided adequate process).

Courts have further held that it is of no moment whether a candidate fails to fully avail himself of the procedures that are available. *See, e.g., Rivera-Powell,* 470 F.3d at 468 n. 9 (explaining that Rivera–Powell's failure to "pursue the state court action . . . and that it is now too late to do so, does not affect our due process analysis."); *Murawski,* 514 F. Supp. 2d at 586

4

(noting that the plaintiff could have raised "any and all issues relating to the validity of [the] petition" in a Section 16-102 proceeding); *Dekom v. Nassau Cnty.*, No. 12-CV-3473, 2013 WL 5278019, at *8 (E.D.N.Y. Sept. 18, 2013) (dismissing candidate's due process claim arising in part from state-court matter that had been dismissed because of improper service, among other reasons), *aff'd* 595 F. App'x 14 (2d Cir. 2014).

Here, Plaintiff alleges that he initiated a state court proceeding to challenge the validity of Septima's petition, and that the matter was dismissed due to an "alleged defect in service." (ECF 1 at 3.) It is simply not the case that dismissal of the state-court action for lack of proper service left him with "no adequate remedy," to face "imminent and irreparable harm." (ECF 1 at 3.) Plaintiff does not demonstrate that he could not have refiled the matter; properly served the original pleading; or appealed within the state courts, if he believed that the dismissal should have been subject to appellate judicial review.

Because Plaintiff does not assert facts showing that he was denied due process, or that the process was inadequate, the Court dismisses his due process claim for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.    The facts alleged do not show Defendants' personal involvement in violating Plaintiff's rights**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege facts showing the defendants' direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.") (internal quotation marks omitted). A defendant may not be held liable under Section 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676

5

(2009) ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior."). Rather, "[t]o hold a state official liable under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official[.]" *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020).

Plaintiff does not allege any facts showing how the BOE or the other candidate, Septimo, were personally involved in the events underlying his claims. In fact, the allegations in Plaintiff's complaint largely arise from the state court's dismissal of his lawsuit, and not from any act or omission on the part of Defendants. Because Plaintiff does not set forth any facts showing that Defendants were personally involved in violating his rights, the Court also dismisses his Section 1983 claims against them for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

### C.    The facts alleged do not give rise to a *Monell* claim

When a plaintiff sues a municipality under Section 1983, it is not enough for the plaintiff to allege that the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson,* 563 U.S. 51, 60 (2011) ("A municipality or other local government may be liable under . . . section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation.") (quoting *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 692 (1978)); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011). To state such a claim, a plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs v. Brown,* 520 U.S. 397, 403 (1997) (internal citations omitted). At the pleading stage, a plaintiff "must allege facts tending to support, at least circumstantially, an

6

inference that [the alleged] municipality policy or custom exists." *Hannan v. Rose*, No. 18-CV-9878 (PGG) (DF), 2022 WL 21770560, at *11 (S.D.N.Y. Mar. 15, 2022) (quoting *Matthews v. City of New York*, No. 15-CV-2311 (ALC), 2016 WL 5793414, at *9 (S.D.N.Y. Sept. 30, 2016) (citations and internal quotation marks omitted)). "[C]onclusory allegations of a municipal custom or practice of tolerating official misconduct, without factual details," will not satisfy *Monell's* pleading standards. *Id.*

Here, Plaintiff alleges no facts suggesting that a policy, custom, or practice of the BOE or the City of New York caused a violation of his constitutional rights. *See Jordan v. New York City Board of Elections*, 816 F. App'x 599, 604 (2d Cir. 2020) (dismissing *Monell* claim because the plaintiff failed "to allege that any actions by [BOE] staff were taken pursuant to a [BOE] policy, practice, or custom.") Accordingly, the Court dismisses the *Monell* claim for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

## D.      Motion for emergency injunctive relief

Plaintiff filed an order to show cause requesting preliminary injunctive relief. To obtain such relief, Plaintiff must show: (1) that he is likely to suffer irreparable harm and (2) either (a) a likelihood of success on the merits of his case or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in his favor. *See UBS Fin. Servs., Inc. v. W.V. Univ. Hosps., Inc.*, 660 F.3d 643, 648 (2d Cir. 2011) (citation and internal quotation marks omitted); *Wright v. Giuliani*, 230 F.3d 543, 547 (2d Cir. 2000). Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Moore v. Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (internal quotation marks and citation omitted).

For the reasons set forth in this order, the Court has dismissed Plaintiff's claims on the merits. Accordingly, his submissions do not demonstrate: (1) a likelihood of success on the merits, or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in his favor. Accordingly, the Court denies the motion for an order to show cause without prejudice.

**E.    Supplemental jurisdiction**

A district court may decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

**F.    Leave to amend**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). The Court denies Plaintiff's request for an order to show cause. The Court declines to exercise supplemental jurisdiction of any state-law claims Plaintiff is asserting.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment dismissing the action.

SO ORDERED.

Dated:    May 11, 2026
          New York, New York

                                    /s/ Laura Taylor Swain
                                    LAURA TAYLOR SWAIN
                                    Chief United States District Judge

9